I think we're all set. Thank you. Thank you all. We'll take that case under advisement. The next case on the oral argument calendar is, should be Gonzales. There it is. Gonzales Argueta v. Bondi, 25-557. We're ready for argument. Thank you. Good morning and may it please the court. I'm Joseph A. Lear on behalf of Petitioner Miguel Gonzales Argueta, who was a police officer in El Salvador. In this case, the ultimate issue is that in this case the immigration judge focused his analysis on a lack of nexus to Petitioner's proposed social group in the past persecution context almost exclusively. Unlike the case you were just discussing, this is a case that does not present a situation where the petitioner suffered harm rising to the level of persecution after he quit El Salvadoran police. In this case, the persecutory harm that he is alleging did take place while he was a current active anti-gang police officer. In this case, however, the immigration judge mentions the legal standards for a well-founded fear of future persecution, but does not engage in any individualized analysis, instead saying basically, because he was not persecuted in the past based on being a former police officer, there's no well-founded fear of future persecution. However, the problem with that is that now Petitioner is a former police officer. It's an immutable trait. He can never not be a former El Salvadoran police officer now. So it's very difficult for the BIA. Well, the BIA adopted the IJ's decision under Burbano, so we're really looking at the IJ decision. There's no meaningful analysis of Petitioner's well-founded fear of future persecution claim here. I'm not sure I understand your argument, because we have a number of cases, as you know, where folks are coming to seek persecution. They've been found, sorry, asylum. They've been found credible. They've had these terrible experiences. And from a common sense standpoint, you would think, fill in the blank, El Salvador for this hypothetical would be a very dangerous place for this person to return to. But we have a case law that talks about status as a former, I'll say, police officer for this hypothetical, not being cognizable when we're looking at actions taken when the person had that status. And then we had case law in ILL recognizing, well, there might be. There might be if it really can be shown that the persecution is on account of the status, not actions taken, but the status of being a former police officer. And those cases turn out to be few and far between. But I think there's a clear line there. What I don't understand is why you think it's different that your client is focusing on future persecution. Well, because the crux of Judge Gianfardino's decision was that while he was harmed by MS-13, he was a current police officer. Right. That's because we've got this bright line of cases about that. Correct. And that's not in dispute. It's that when Respondent quit and fled El Salvador, he only then became a former. That's true in all those cases, right? Right. True in all these cases. Okay. Right. But what's interesting in reviewing all this case law and the oral argument you just heard is most of these cases, both at the BIA and at the Ninth, dealing with former military, former police, because it's not exactly uncommon in the Western Hemisphere. Unfortunately. Are cases where the petitioner was military police harmed, then left and suffered more harm in the country before fleeing. And therefore, that subject, that is the subject of a- But is relying on that. Right. It's the subject of a past persecution analysis. Do you think it makes your claim stronger that your client is relying only on the actions, persecution based on the actions he took while he was a police officer? Well, in this case, there's basically no analysis as to whether or not he has a- He only became, so his claim is that, you know, former status police officer, and there's no analysis of whether or not he has a well-founded fear or an objectively reasonable fear of persecution on that case. So it's your request that we remand for that analysis? Yes. All right. And this case, again, as you discussed with counsel in the other cases, is a mixed motive case clearly in that this local MS-13 gang leader, clearly based on this record, they don't like the police, but they didn't like this guy in particular because- Well, I'm not sure it's mixed motive. I certainly understand where's the particular risk as to him, but that's also true of any of the cases that talk about a former police officer or a member of the military who really engaged with and has taken actions maybe very successfully against a cartel when they're trying to act out of retaliation or retribution. So how does that help us? Well, okay, so the mixed- I agree. The mixed motive is this, however. MS-13 in El Salvador is a nationwide designated terrorist group, and this record contains evidence that they take actions, concerted actions, meaning to move the political needle of El Salvador's government leadership. So while it may be the case that they don't like this officer because he messed with the wrong gang leader or whatever, if he goes back, he is now a former police officer, and they have been shown to take actions against state actors as a political- or as a way of punishing or punishing the group as a way of moving the political needle in El Salvador. That's why your claim is in tension. I think it has to be the case that you're arguing that they're taking actions against him because of his status, not actions that he took, but you're relying simultaneously on specific actions and specific threats as to him, and those particularized risks cut against your argument that it's really his status as opposed to him. Well, that's what I mean by mixed motive. I think it can be both. They have personal animus towards him, and there is a clear probability that they may take action against him, possibly this particular localized gang because of their vendetta, but this MS-13 is a nationwide problem in El Salvador, and as a former police officer, whether he had beef with a particular gang leader or not is still running that risk, a very serious one. Your client didn't bring a claim for political persecution. He did, actually, but... I mean, here, we're not... No, and it was an interesting progression. There was no briefing at the BIA. I didn't represent this petitioner at the IJ level or the BIA level, so some arguments were made to Judge Anfardino at the IJ level. There was no briefing or anything at the BIA level, so certain claims, political... One of the other PSGs, political opinion and cat were all essentially deemed abandoned. Are there questions? No. Okay. Thank you, counsel. We can reserve the rest of your time. Thank you. May it please the Court. Nell Seymour on behalf of the Attorney General. The harm Petitioner fears in this case is based on actions he took while he was serving as a police officer in El Salvador, but there is nothing to suggest on this record that Killer or any other member of the MS-13 gang would be motivated to harm him on account of his status as a former police officer or any other statutorily protected ground. But at the time he was acting against Killer, he was acting in the course and scope of his authority as a military police officer in El Salvador, correct? As a current police officer, yes. So doesn't that tell us that he is threatened by Killer? He was threatened by Killer, but at that time he was serving as a then acting police officer, whereas now he is claiming he will be harmed on a status as a former police officer and the record doesn't support that. He hasn't because Killer hasn't found him wherever he might be. Not only that, Your Honor, the motivation for Killer to target Petitioner wouldn't be because of his status as a former police officer. He was brought to the attention of the gang while an active police officer, but his claim now is that they would target him because he used to be and that's not what the record reflects. Petitioner had the burden to establish that Killer would be motivated by a desire to overcome animus towards his claimed protected characteristic, which in this case is his group membership and he failed to do so. Instead, the record reflects that any harm would be directed at him for his role in disrupting criminal activity and that's supported by Petitioner's own testimony with comments such as gangs will kill anyone who get in their way and that gangs are known to hold vendettas. Isn't it circular to say that rather than being harmed because he was a police officer, Petitioner was harmed because of his role in disrupting particular criminal activity? I mean, disrupting criminal activity is exactly what police officers do. That's correct, Your Honor, but this court's focus is on the future reasons for why he would be harmed. So the fact that he's a former police officer isn't going to be the motivation of Killer. It doesn't follow that because Killer may have wanted to stop him in his then active role as someone who could interrupt his criminal activities that he would now have any interest in him as someone who used to be someone who could get in his way. And this precedent in the agency of this circuit and the Supreme Court- I can't understand that. If Killer threatened him several times when he was in Salvador as a police officer, now when he comes back to Salvador, won't Killer threaten him again? The record doesn't propel that conclusion, Your Honor, and that's because Petitioner had the burden to establish the nexus, the characteristic upon which he believes he would be harmed. He'd be harmed because of what he did before as a police officer. That would fall under the realm of personal retribution, Your Honor, and not a statutorily protected ground. The group he put forward- But it's personal because Gomez Argueta was acting as a police officer, not because Gomez Argueta was angry with Killer because Killer was going out with his daughter. That may be true. If Killer is motivated to harm him because of retribution or retaliation, that doesn't give rise to nexus in this case, and it doesn't support his claim for asylum or withholding of removal because a purely personal retribution isn't sufficient. That's the problem. That's, I think, what Judge Desai is getting at in calling this. It does feel very circular because if it were purely personal in the way Judge Bea suggests, like somebody's having an affair with somebody's wife, of course, that's not actionable. But of course, here, the thing that makes this so dangerous is because he was effective against the gang member. He had sort of hand-to-hand combat. That's my paraphrase, right? So it seems that much riskier, that much more likely he's going to be at grave risk if he is returned. And so to say, well, that's just because he's a former police officer is tough, right? Because he's doing his job. That's exactly what officers do. So when the BIA reasons, oh, it's not because he's a police officer. It's just that a member of a gang, they'd try to take out anybody who was effective against him. That puts these folks in a box where I'm not sure they can ever prevail. Is there a way he could prevail? A hypothetical, not this guy. Is there a hypothetical former police officer who could prevail on this type of a claim? What would it take? There are, it would take, there are retaliation for some anti, fill in the blank, gang, sorry, anti-gang, anti-cartel activities might support a nexus to a former status PSG, but the targeting would have to reflect broader intimidation as opposed to a personal score setting or some kind of retribution. And he would also need to show that Petitioner himself was in a similarly situated position as those officers. And the court could look at things such as time served, who exactly he came up against. And there would also have to be a sufficient likelihood that he would be persecuted based on that former status. And the government would like to redirect us to that. The issue is not past persecution. Petitioner has conceded that there was no past persecution on account of a protected ground. We are only forward-looking. Right, but we're forward-looking too. And we're trying to figure out what the government's rule is here because it's really a thin line. And I really would like your help. And I appreciate you're so well-prepared for argument. But the way I read these cases, and there's an awful lot of them, I just would like you to tell me why I'm wrong about the following. It seems that we do have cases that say, just a few, right? That there's this opportunity when the persecution is on account of status as a former police officer or status as a member of the military. And the example that I gave from the case law is the case about somebody who was identified as being a member of the, I'll say palace guard, a person who was a member of the military who guarded the president's daughters. You know the case I mean. So if that's the case and situation, then it seems like the government's rule for somebody who helped during a coup, right, guard the soon to be deposed president would be cognizable if he's recognized of having been the palace guard. But the same person who helped smuggle the president out of the country or helped get the guy on the helicopter to get him to evacuate would not. Because one is the action of helping the president, you know, the specific action of getting him out of the country. And the other is just the status of being a guard as to this deposed president. And I can't make sense of that. But I think that's what your case law says, or that's how I read your argument. Why is that wrong? I'm not sure that it is wrong, Your Honor. I think the issue is that it's not just about the cognizability of the PSG. There are also elements, other elements that petitioner is responsible for proving. Well, in my silly hypothetical, why would one work and one would not? Whichever element you want to talk about. I'm really fascinated by this, and I want to make sure we get it right. Even if assuming the social group was cognizable, I believe we are in your hypothetical, right? That the former, okay. Right, he's known as, his status is he's the palace guard. I think it would come back to, I appreciate the confusion around this, and I do think it is hair splitting on a fine line, but one that's important between causation and motivation. And so I think in your hypothetical, if they were motivated to harm someone because of their former status, because they were aware of that former status, and because they could show a well-founded fear on account of that former status, it might prevail. Whereas someone who they themselves know that they were a player in this, but they can't, the record doesn't compel the conclusion that anybody else knows that. My hypothetical is that the PSG is established. He's socially visible. He's recognized as the guy who helped the president get on the helicopter. Maybe there was a photo on the front page, but he's known as that. I don't understand why that person couldn't prevail under the government's theory of how these cases stitch together. I would have to be... I apologize. I'm not giving you a more... Well, no, I'm giving you a tough question, but we're really trying to dig into this, and I appreciate that you're struggling with it as well. You see our difficulty with why this feels so circular, either circular or that somebody has to express the precise magic words when they apply, and nobody means that. That's not a reasonable... That's not the argument you're making, and I appreciate you're not. No, Your Honor. Yeah, no. I think it is petitioner's burden to establish eligibility for asylum and withholding, which means that they have to establish all of the elements. And so the government's position is not that there are magic words, that there are certain cases where it's very clear X, Y, Z. It all depends on the evidence throughout the record. And so in a case like this, where a petitioner fails to point to any evidence, direct or circumstantial, that the people he fears independently motivated by his status as a former police officer, his claim fails. So assuming there is a hypothetical case wherein somebody could prove they would be motivated by that former status and also meet the other elements required. So your answer is this is not that case, and just answer the question. We should just answer the case before us. With apologies, Your Honor. I didn't mean to be flippant. I'm not suggesting that you are, but I appreciate your point. And I appreciate your argument. Is there anything further? I don't think so. We're going to let you off the hook. Thank you for your patience with our questions. Counsel, you have some time for rebuttal. I just have one further comment, Your Honor. The Ninth and the BIA have, well, particularly the Ninth, have held that this type of claim has to be considered in the particular political and social milieu of the country in question. And El Salvador is somewhat unique in this regard. MS-13 and its actions against state actors such as military or police, because of the nature and scope of MS-13 in El Salvador, have an inherently political aspect to them. And when I say political, I don't mean in the sense of a political opinion or imputed political opinion. But they have a motive to harm former police officers or agents of the state for different reasons than just, well, he arrested my leader, my friend, or he interfered with our gang activity. El Salvador, certainly not the only country that has an issue with gangs, particularly in Central America. But it's a small country with a massive gang issue, particularly MS-13 that controls territory and acts more as a... It isn't. That's part of the problem that you've got. The IJ said, how is this, you know, somebody who fights effectively, how is that cognizable? How is that not going to apply to... Well, in this case... Hundreds of people, how is it socializable? The IJ in this case actually found that that particular proposed social group, because there were two proposals, was not cognizable. But the argument you're making now is the one he found not cognizable. Well, I think the argument I'm making now is just the unique situation in El Salvador, perhaps not completely unique. There are other countries with this issue. But the question is, would he be harmed in the future solely based on personal animus? Or could it be because of personal animus and because, as a former police officer, they want to punish and overcome people who have that status of having been a police officer. What is the best evidence in this record that your client would be... would face future persecution on account of his status? There's a... As opposed to past actions. What's the best... Sure. In the... There's a country conditions report at Administrative Record 279 and 285 where, quote, as recently the vice minister of justice and security, Raul Lopez, said that the gangs have increased their crime rate to force the government to soften extreme measures. That's not specific to Petitioner, of course, but it indicates that they have a motive to punish people based on that status, not just on... I don't like that they arrested my friend. Right. Got it. Thank you for your argument, both of you. We appreciate it very much. They're important cases. They're... They're difficult and we'll take good care with this and we'll take it under advisement.
judges: BEA, CHRISTEN, DESAI